**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 11-05044-01-CR-SW-RED |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **TODD C. SMITH**, | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S NOTICE OF 414 AND 404(b) EVIDENCE**

The United States of America, by the United States Attorney for the Western District of Missouri, respectfully moves the Court for an order admitting evidence of Defendant's prior child sexual molestation offenses pursuant to Federal Rule of Evidence 414 or, alternatively, pursuant to Federal Rule of Evidence 404(b).

**INTRODUCTION**

As part of the Violent Crime Control and Law Enforcement Act of 1994, Congress enacted Rules 413 through 415 of the Federal Rules of Evidence. These rules establish special, broad standards for the admission of evidence of a defendant's commission of charged and uncharged offenses of sexual assault or child molestation in cases where the defendant is charged with a federal child molestation or sexual assault offense. In contrast to Rule 404(b), which limits uncharged act evidence to be admitted on only non-character theories of relevance, Rules 413-415 allow such evidence to be admitted and considered for its bearing "on any matter to which it is relevant." Thus, in addition to the non-character purposes allowed under Rule 404(b), evidence of other sexual assault or child molestation offenses may be admitted under the Rules to show the defendant's propensity to commit sexual offenses. Additionally, unlike Rule 404(b),

and as discussed below, Rules 413-415 operate under a presumption that evidence of prior sexual assault or child molestation offenses is admissible, and no artificial time limit on the conduct bars this presumption of admissibility.

For the reasons discussed below and pursuant to Federal Rule of Evidence 414 or, alternatively, Federal Rule of Evidence 404(b), the United States seeks to introduce evidence of multiple instances of the Defendant sexually assaulting minors between December 1989 and September 2011.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2011 members of the Jasper County Sheriff's Department were dispatched to 16336 Laredo Lane, Carthage, Missouri, after receiving a report that TODD CHRISTOPHER SMITH slapped a 13 year old female, Jane Doe #1, during an argument. During the ensuing investigation, Corporal Roy Masters of the Jasper County Sheriff's Department observed a photo of Jane Doe #1 on SMITH's cellular telephone. SMITH was questioned about the presence of the photograph on his phone and replied that he show the investigators what was stored on the phone. SMITH denied any type of inappropriate relationship with Jane Doe #1.

Detective Ed Bailey was notified of the incident the following day. The investigators conducted a criminal history check of SMITH which revealed that SMITH had been previously convicted of two misdemeanor sex offenses involving young girls in 1990 and 2002. Detective Bailey contacted Detective Tim Williams of the Jasper County Sheriff's Office and asked that he arrange a Child Advocacy Center (CAC) interview with Jane Doe #1 based on the suspicions of the officers.

Jane Doe #1 did not make any disclosures regarding inappropriate contact between her and SMITH during the initial CAC interview, but later the same day, revealed to the investigators that SMITH peeked at her through the bathroom door while she was taking a shower and he exposed his penis to her in her bedroom on one occasion.

On September 27, 2011, Detectives Williams and Bailey arrived at the Jasper County Detention Center to interview SMITH and attempted to obtain consent to search SMITH's cell phone. SMITH stated that he took a number of images of females approximately 16 years of age exposing their breasts using his telephone. Detective Bailey later seized the phone from SMITH's property and obtained a search warrant for the device.

Between October 15, 2011 and October 20, 2011, four more 13 year old girls were interviewed at the CAC. Two of the girls made disclosures of sexual contact with SMITH and both stated he used force when they resisted the contact. Jane Doe #1, after learning that several of her friends had come forward with allegations of sexual misconduct, asked for another interview at the CAC. During the second interview, Jane Doe #1 disclosed that SMITH had sexual intercourse with her at least four times, forced her to put his penis in her mouth, and choked her and threw her into a wall when she did not want to have sex with him.

On September 28, 2011 SMITH was released from jail and left the State of Missouri. A state arrest warrant was issued on October 18, 2011, for statutory sodomy in the first degree, based on the disclosures made by Jane Doe #1. SMITH was arrested by the US Marshall's Service in Henderson, Kentucky on October 21, 2011. After his arrest, SMITH'S mother made several phone calls, one to the mother of Jane Doe #1, one to Detective Bailey, and one to Detective Williams. In the call to Jane Doe #1's mother, SMITH's mother indicated that SMITH had confessed to her that he had sex with Jane Doe #1 and that there were videos of the sexual

assaults on his phone.  In addition, she told Jane Doe #1's mother that SMITH was going to come and get her daughter as soon as he was released on bond and run away with her.

On October 27, 2011, Detective Larry Roller, imaged the SD card from SMITH's phone. Recovered from the card during the initial examination were six (6) videos of SMITH performing sexual intercourse, oral sex, and digital penetration on Jane Doe #1 at his place of residence in Carthage, Jasper County, Missouri between September 11, 2010 and September 24, 2011.  There were also twelve (12) videos that appear to have been taken covertly in two of the bathrooms at the same residence during the same time frame.

## **SUMMARY OF EVIDENCE TO BE ADMITTED**

The Government will seek to admit the following evidence as part of the Government's case-in-chief or rebuttal case:

(1) The defendant, Todd Smith, was convicted of sexual misconduct in the first degree on September 24, 2002 in the Circuit Court of Camden County, Missouri.  The Government seeks to introduce the Information and waiver of rights and plea of guilty form executed by the defendant into evidence.  The Government may also call the victim, K.B., to the witness stand to testify as to the facts giving rise to this conviction.

(2) The defendant was convicted of criminal sexual abuse in the Circuit Court for the Fifth Judicial Circuit of Illinois, Coles County, Illinois, on March 9, 1990.  The Government seeks to introduce the Information and docket sheet into evidence.  The Government may also call the victim, B.G., to the witness stand at trial to testify to the facts giving rise to this conviction.

(3) The Government may also call two other minors to the stand to testify that they were sexually assaulted by the defendant during the months just before his arrest.

# ARGUMENT

## I. BACKGROUND ON FEDERAL RULES OF EVIDENCE 413-415

Federal Rule of Evidence 414 ("Evidence of Similar Crimes in Child Molestation Cases") provides, in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

The rule defines "offense of child molestation" to include "contact between any part of the defendant's body or an object and the genitals or anus of a child; ...contact between the genitals or anus of the defendant and any part of the body of a child;" "any conduct proscribed by Chapter 110 of title 18, United States Code," and "any conduct proscribed by Chapter 109A of Title 18, United States Code." *See* Fed.R.Evid. 414(d). Conspiracies and attempts are also included.

Congress enacted Federal Rules of Evidence 413–415 as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. No. 103-322, 108 Stat. 1796 (1994). These Rules are designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that "evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects." 140 Cong. Rec. H8991-92 (1994) (remarks of principal House sponsor, Rep. Molinari); *see also* 140 Cong. Rec. S12990; David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 Chi.-Kent. L. Rev. 15, 19 (1994). The legislative sponsors of Rules 413-415 further noted that:

> The reform effected by these rules is critical to the protection of the public… [a]nd is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends

    to be exceptionally probative because it shows an unusual disposition of the
    defendant -- a sexual or sado-sexual interest in children -- that simply does not
    exist in ordinary people.
      Moreover, such cases require reliance on child victims whose credibility
    can readily be attacked in the absence of substantial corroboration. In such
    cases, ***there is a compelling public interest in admitting all significant evidence
    that will shed some light on the credibility of the charge and any denial by the
    defense***.
      Similarly, sexual assault cases, where adults are the victims, often turn
    on difficult credibility determinations . . . Knowledge that the defendant has
    committed rapes on other occasions is frequently critical in assessing the relative
    plausibility of these claims and accurately deciding cases that would otherwise
    become unresolvable swearing matches. The underlying legislative judgment is
    that the evidence admissible pursuant to [Rules 413–415] is typically relevant
    and probative, and that its probative value is normally not outweighed by any
    risk of prejudice or other adverse effects.
    *Id* (emphasis added).

In adopting these rules, Congress built upon a large body of precedent favoring a permissive approach to similar crimes evidence in sex offense cases. Many jurisdictions have recognized the need for special evidence rules to ensure fully informed decisions by juries in cases involving sexually violent crimes or the sexual abuse of children. Such jurisdictions have historically allowed such evidence through the adoption of special "lustful disposition" rules. *See* Thomas J. Reed, *Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases*, 21 Am. J. Crim. L. 127, 188 (1993) (characterizing 29 states as allowing propensity evidence in some category or categories of sex offense cases). Other jurisdictions achieved similar results by interpreting standard exception categories like those found in Rule 404(b) with unusual liberality in sex offense cases. *See, e.g.*, IA *Wigmore's Evidence* § 62.2, at 1334-35 (Tillers rev. 1983) (rule against propensity evidence often not honored in sex offense cases). Furthermore, Congress recognized and intended that this approach would make the admission of similar crimes evidence in federal sex offense cases the norm, and its exclusion the exception. The legislative sponsors noted:

> The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. The ***presumption is in favor of admission***. The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects. In line with this judgment, the rules do not impose arbitrary or artificial restrictions on the admissibility of evidence. Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible, as well as evidence of prior convictions. No time limit is imposed on the uncharged offenses . . . as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses.

140 Cong. Rec. H8992 (1994) (Statements of Rep. Molinari and Senator Dole) (emphasis added); *See also* 137 Cong. Rec. S3212, S338-3242 (1991); Karp, 70 Chi.-Kent L. Rev. at 19.

The Eighth Circuit Court of Appeals has long recognized "'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" *United States v, Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997).) Other circuits have also consistently confirmed Rules 413-414's broad principles of admissibility. Indeed, every circuit that has considered the applicability of Rules 413-414 has found that trial courts properly admitted evidence of prior sex offense and child molestation offenses pursuant to these rules. *See, e.g., United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007) (admission of prior attempted rape conviction of 12-year-old warranted in prosecution for traveling in interstate commerce for purpose of engaging in illicit sexual conduct even though prior offense occurred 22 years earlier); *United States v. Guidry*, 456 F.3d 493 (5th Cir. 2006) (admission of uncharged sexual assaults including forced oral copulation of woman admissible in trial of police officer charged with multiple sexual assaults against women); *United States v. Seymour*, 468 F.3d 378 (6th Cir. 2006) (defendant's uncharged prior sexual assaults against adult females admissible in case charging child molestation offenses); *United States v. Lemay*, 260

F.3d 1018, 1028 (9th Cir. 2001) (upholding admission of evidence of defendant's prior acts of molestation and conviction for child molestation 11 years before the charged conduct because such Rule 414 evidence serves to *"corroborate testimony of the victims,"* and is *"exactly the sort of use of prior acts evidence that Congress had in mind when enacting Rule 414."* (*citing* 140 Cong. Rec. H899192 (1994) (emphasis added)); *United States v. Sioux*, 362 F.3d 1241 (9th Cir. 2004) (district court properly admitted evidence of the defendant's prior act of sexually assaulting a minor victim in a child molestation case); *United States v. Drewry*, 365 F.3d 957, 957 (10th Cir. 2004) (testimony from victim regarding acts of child molestation that occurred 25 years earlier admissible where defendant charged with several counts of aggravated sexual abuse against minor), *vacated on other grounds*, 543 U.S. 1103 (2005); *United States v. Breitweiser*, 357 F.3d 1249 (11th Cir. 2004)(prior sexual conduct against minors admissible); *United States v. Lewis*, No. 07-3143, 2009 WL377302 (D.C. Cir. Jan. 23 2009) (evidence that defendant possessed child pornography admissible in prosecution for attempted coercion and enticement of a minor).

The evidence of Defendant's instances child molestations meet each of the four elements of the Rule 414 analysis: (1) Defendant is accused of child molestation offenses; (2) the prior offenses the government seeks to introduce are offenses of child molestation; (3) the evidence is relevant; and (4) the probative value of the evidence is not substantially outweighed by the danger of undue prejudice. See e.g. *United States v. Bently*, 561 F.3d 803, 815 (8th Cir. 2009). Federal Rule of Evidence 414 therefore establishes a presumption that such evidence is admissible at trial.

Evidence of Defendant's prior acts of child molestation a are also admissible under Federal Rule of Evidence 404(b), because this evidence establishes: (1) Defendant's intent and

motive to engage in sexual activity with minor females; (2) that the defendant is the person depicted in the video clips engaged in sexual acts with the minor victim, and that he did so knowingly and not be mistake or accident; and (3) that Defendant had a common plan or scheme and modus operandi in engaging in sex acts with minor females. Federal Rule of Evidence 404(b) excludes the admission of "other crimes, wrongs, or acts" to prove action in conformity therewith, but permits their admission as proof of, *inter alia*, "motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Evidence subject to Rule 404(b) is admissible if it meets a four-part test: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its potential for unfair prejudicial effect under Rule 403; and (4) the Court must issue a limiting instruction as to the permissible uses of the evidence. *See, e.g.*, *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006).

Defendant's prior acts of molestation also demonstrate his longstanding pattern of behavior as a child molester, which bears directly on his state of mind in committing the instant offenses. The Government generally has been permitted to use evidence of uncharged acts to show state of mind and modus operandi in child exploitation cases. In *United States v. Hersh*, 297 F.3d 1233, 1254, n. 31 (11th Cir. 2002), for example, the court recognized that evidence of the defendant's uncharged sexual activity with minors was admissible under Rule 404(b) in a prosecution under 18 U.S.C. § 2423(b), to show state of mind and modus operandi, and to rebut an attack on witness credibility. *See e.g., United States v. Brand*, No. S1 04 Cr. 194, 2005 WL 77055 (S.D.N.Y. Jan. 12, 2005) (in transporting of minors for sexual activity case, evidence of prior bad acts admissible since the defendant put his state of mind and intent at issue). To this end, courts recognize the utility of other act evidence in proving a defendant's intent to

specifically target children, rather than adults, for sexual activity. In *United States v. Breitweiser*, 357 F.3d 1249 (11th Cir. 2004), the defendant was charged with abusive sexual contact with a fourteen-year-old, in violation of 18 U.S.C. § 2244(a)(3). The court held that evidence that the defendant had previously fondled two thirteen-year-old girls and had been seen masturbating near an unknown girl in a store several months after the date of the charged offense was admissible under Rule 404(b) to show motive, intent, knowledge, plan and preparation, and lack of mistake. *Id.* at 1254; *see also United States v. Maxwell*, 386 F.3d 1042, 1050 (11th Cir. 2004), *vacated on other grounds*, 126 S.Ct. 321 (2005) (evidence of internet activity and uncharged images of child pornography admissible to show defendant's knowledge and intent in child pornography prosecution); *United States v. Meachum*, 115 F.3d 1488, 1490 (10th Cir. 1997) (evidence that the defendant had molested his step-daughters more than thirty years prior to the charged offense was properly admitted under both Rule 404(b) and Rule 414 to show the defendant's intent and plan in transporting a minor with intent to engage in sexual activity); *United States v. Romero*, 189 F.3d 576, 588 (7th Cir. 1999) (evidence that the defendant had tried to solicit other boys for sexual activity over the telephone was "highly probative" of the defendant's intent toward the complaining witness and showed that he had a "distinct sexual interest in young boys and had previously discussed acting on that interest").

In addition, facts suggesting that Defendant engages in a common plan or scheme or similar modus operandi in seducing minors is highly relevant. For instance, the Ninth Circuit has held that evidence of the defendant's attempt to solicit sex from a seventeen-year-old over the Internet three years earlier was probative of the defendant's modus operandi and intent in contacting the minor in the charged case. *United States v. Dhingra*, 371 F.3d 557, 566-67 (9th Cir. 2004); *see also Romero*, 189 F.3d at 588 (in prosecution under Section 2423(b), evidence of

the defendant's uncharged attempts to entice other minors over the telephone admissible as modus operandi evidence to show his seduction techniques and intent).

## CONCLUSION

Rule 414 was designed precisely for this sort of case. The Defendant has repeatedly committed acts of child molestation, as defined by Rule 414, against the multiple victims over the course of many years. Alternatively, the defendant's prior acts are admissible under Rule 404(b) to establish his motive, intent, modus operandi and lack of accident. In any case, the defendant's additional acts of child molestation should be deemed admissible at trial.

        Respectfully submitted,

        David Ketchmark
        Acting United States Attorney

By    /s/ *James J. Kelleher*
        James J. Kelleher
        Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 2, 2012, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ James J. Kelleher*
James J. Kelleher
Assistant United States Attorney